IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GINGER WHITESIDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 3:05-cv-207-GPM |
| | ) |
| JOHNSONDIVERSEY, INC. | ) |
| d/b/a S.C. Johnson Professional and/or | ) |
| Johnson Wax Professional, et al. | ) |
| | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances; and

WHEREAS the parties to this litigation have agreed in good faith to limit the use and re-disclosure of certain mental health records of the plaintiff, as evidenced by the terms of this Order and their signatures of their attorneys below;

NOW, THEREFORE, THIS 11th DAY OF August, 2005, THIS COURT ORDERS THAT:

Pursuant to Fed. R. Civ. P. 26(c) the following terms and conditions shall apply to the discovery of plaintiff's mental health condition:

1.  Plaintiff may claim confidential treatment for documents and information and any portions or summaries thereof revealed or produced or obtained in connection with this action and relating to the following subject matter (hereafter called "confidential information"):

> Diagnosis, testing and/or treatment for mental health, psychiatric, and/or psychological conditions; treatment for alcohol and/or drug abuse; treatment for HIV, AIDS, and any other sexually transmitted disease; all whether or not related to the injuries alleged in this action.

2. The court finds that the above-mentioned class of information constitutes confidential information subject to the protections of Fed. R. Civ. P. 26(c). The court further finds that unless disclosure of such confidential information is limited as provided herein, actual and substantial injury may be suffered.

This order does not limit the rights of any parties to assert any other claims of privilege and confidentiality during these proceedings, nor does it limit the right of plaintiff to object to the admission of such information at trial.

3. Confidential information shall be designated by the plaintiff as follows:

(a) in the case of documents, by stamping or writing "confidential" on them before production; or alternatively when documents are obtained by a defendant herein pursuant to subpoena and/or plaintiff's duly executed Authorization for Release, by informing the obtaining party at the time of providing the Release that the materials sought may contain confidential information and thereafter within ten days of their receipt by plaintiff's counsel, designating the documents or portions thereof as "confidential" through stamping or writing "confidential" on the face of the documents, or through correspondence to all parties identifying the documents or portions thereof for which the "confidential" designation is made. The obtaining party agrees to maintain and treat such documents as "confidential" under the terms of this Order during that ten day period, but upon expiration of the ten day period the plaintiff will have been deemed to have waived any assertion of confidentiality to said documents unless she has made the designation as provided in this paragraph.

(b) in the case of interrogatory answers, by stating at the beginning of the answers those specific answers or parts of answers deemed confidential and by stamping or writing on the

front of any set of answers the phrase "Contains Confidential Information";

    (c) in the case of depositions, by a statement on the record to the effect that the testimony given or about to be given, or the exhibit introduced or about to be introduced, contains reference to confidential information, whereupon the officer transcribing the proceedings shall be instructed to stamp or write on the cover of the transcript the phrase "Contains Confidential Information"; and

    (d) in all other cases, by any manner reasonably calculated to impart notice that confidential information is being disclosed.

  4. Confidential information shall be used only for the purpose of conducting this litigation and not for any other purpose. Disclosure for the purpose of conducting this litigation may be made only as follows:

  (a) to the named parties to the action, their insurers, and any directors or officers or employees of a party and/or insurer required to assist such party with respect to this action;

  (b) to counsel of record and their employees;

  (c) to persons required by counsel of record to assist in conducting this litigation including but not limited to consultants and opinion witnesses;

  (d) to the court, except that (1) in the event disclosure is desired during the trial or other proceedings in open court, the party seeking disclosure shall, before disclosure, make reference to the confidential nature of the matter to be disclosed, and when such reference is made the plaintiff may object to the disclosure or request that the court afford confidential treatment with respect to such matter; or (2) in the event that a party desires to make reference to the confidential information

in documents filed with the court, such party shall designate on the pleading or motion that it contains confidential information. Said documents shall be filed separately as follows: Unless otherwise ordered by the court, all confidential information shall be filed with the clerk in an envelope bearing the identity of the parties, caption, and the following designation:

> CONTAINS CONFIDENTIAL INFORMATION WHICH, PURSUANT TO PROTECTIVE ORDERS OF THE COURT, SHALL BE DISCLOSED ONLY TO ATTORNEYS OF RECORD, PERSONS ASSISTING THOSE ATTORNEYS, OR PERSONNEL ASSIGNED TO ASSIST IN THIS ACTION.

5. All parties and their counsel of record shall not otherwise suffer or permit disclosure of confidential information in violation of this order and shall exercise good faith and reasonable care to avoid unnecessary disclosure.

6. Any party who discloses confidential information to another shall advise such person of the existence of this protective order and of its terms.

7. Any party who receives from a nonparty a subpoena or other process purporting to require disclosure of confidential information shall immediately provide notice to all other parties and their counsel.

8. Any party who objects to the classification of any information as confidential or desires to de-classify the information as confidential, shall serve written notice of such objection on the plaintiff, with copies to every other party. Such notice shall specify the information sought to be declassified, the reasons for declassification, and the use that will be made of the information if declassified. The plaintiff through her attorney shall within ten days of receipt of such notice, review the information sought to be declassified and shall notify every party in writing whether

declassification will be permitted.  If plaintiff does not agree to declassification, any party may move the court for an order declassifying the specified information, in which event confidential treatment of the specified information shall continue until the court orders otherwise.

      9. The protective order shall not apply to confidential information that the plaintiff has disclosed without limitation in circumstances unrelated to this litigation.  The plaintiff agrees to execute appropriate Authorizations for Release of confidential information so that defendants may obtain such documents from the health care providers as are disclosed in this action, including but not limited to records from Memorial Hospital.

      10. Within 30 days of final adjudication of this action, all confidential information and all copies of such confidential information shall be returned to the designating party or destroyed.

      11. The Court strongly encourages the parties to resolve any disputes regarding matters covered in this protective order prior to bringing it to the attention of the Court.  The parties are further expected to confer pursuant to Federal Rule of Civil Procedure 37, prior to filing a motion.

**DATED**: **August 11, 2005.**

                                                      **s/Donald G. Wilkerson**
                                                      **DONALD G. WILKERSON**
                                                      **United States Magistrate Judge**