IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GINGER WHITESIDE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-207-GPM |
| | ) |
| **JOHNSONDIVERSEY, INC., d/b/a S.C.** | ) |
| **JOHNSON PROFESSIONAL and/or** | ) |
| **JOHNSON WAX PROFESSIONAL, and** | ) |
| **H.P. PRODUCTS CORPORATION,** | ) |
| | ) |
| Defendants/Third- | ) |
| Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| **PROTESTANT MEMORIAL MEDICAL** | ) |
| **CENTER, INC., d/b/a MEMORIAL** | ) |
| **HOSPITAL OF BELLEVILLE, ILLINOIS,** | ) |
| | ) |
| Third-Party Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Plaintiff has filed a pleading titled "Notice of Dismissal" (Doc. 78). As this Court stated in a Memorandum and Order dated May 4, 2006 (Doc. 75), the Federal Rules of Civil Procedure provide,

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

FED. R. CIV. P. 41(a)(1).

Defendant JohnsonDiversey filed an answer to Plaintiff's complaint on April 1, 2005 (*see* Doc. 8), and the instant pleading is not signed by all parties.[1]  The notice states, however, that the matter has been resolved between the parties and seeks to dismiss the action with prejudice.  Thus, the Court construes the instant pleading as a motion for voluntary dismissal of the entire action pursuant to Federal Rule of Civil Procedure 41(a)(2).

Accordingly, the Court **GRANTS** Plaintiff's motion to dismiss (Doc. 78).  This action is **DISMISSED with prejudice**, and the parties shall bear their own costs.  The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  06/29/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge

---

[1] The Court notes that Defendant H.P. Products Corp. was dismissed without prejudice on May 4, 2006 (*see* Doc. 75), and the third party claims were dismissed on June 16, 2006 (*see* Doc. 76).  Accordingly, Defendant JohnsonDiversey, Inc., d/b/a S.C. Johnson Professional and/or Johnson Wax Professional, is the only remaining party to the action.